IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| DAREK LATHAN, | ) | CASE NO. 3:19 CV 759 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARM, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

*Pro se* plaintiff Darek Lathan, a federal prisoner, has filed this civil rights action under 42 U.S.C. § 1983 against the Bureau of Alcohol, Tobacco, and Firearms (ATF). (Doc. 1). As in another case he recently filed in this Court, Lathan complains that ATF agents have suppressed exculpatory evidence of his role as a confidential informant for the bureau in an effort to "keep [him] falsely imprisoned." (*Id*. at 4.) Lathan also has moved to proceed *in forma pauperis.* (Doc. 2.)

Under the "three strikes rule," a prisoner may not bring a civil action or appeal *in forma pauperi*s if he or she, on three or more prior occasions while incarcerated, brought a federal court action or appeal that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner was under imminent danger of physical injury. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008).

The imminent danger exception is "a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). To qualify for the exception, a plaintiff must plead sufficient "facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference" that he was under a real and proximate danger of serious physical injury at the time his complaint was filed. *Id.* Allegations of past dangers are insufficient. *Id.*

Lathan is a frequent, frivolous filer in federal court. He has, on more than three prior occasions while incarcerated, filed an inmate civil action or appeal that this Court has dismissed on grounds that it was frivolous, malicious, or failed to state a claim. (*See* Case No. 3:18 CV 2175 (Carr, J.); Case No. 3:18 CV 2115 (Carr, J.); Case No. 3:16 CV 1519 (Helmick, J.); Case No. 1:09 CV 2240 (Polster, J.).) Moreover, Lathan makes no allegations that he is in "imminent danger of serious physical injury."

Accordingly, Lathan may not proceed *in forma pauperis.* His application to proceed *in forma pauperis* (Doc. 2) is denied, and this action is dismissed without prejudice pursuant to the three strikes rule. If the action is refiled, it must be accompanied by the full filing fee.

IT IS SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge